UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SHONTA EBONY-SHAREE HENDERSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>SHERIFF, )<br>)<br>Respondent. ) | CAUSE NO. 3:18-CV-839-JD-MGG |

OPINION AND ORDER

Shonta Ebony-Sharee Henderson filed a habeas corpus petition attempting to halt the prosecution against her in Cause No. 71D08-1807-F6-729, pending in the St. Joseph Superior Court. ECF 1. She complains about the State's conduct in the plea negotiation in that case. The court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. . . ." RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

According to the petition, charges were filed against her on July 31, 2018. She was offered a plea agreement, but argues that the State will not abide by its terms. The online public docket reveals that her case is pending and trial is scheduled for January 3, 2019. https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6Ik5HUTRNek15T0RFMk1UQXhPakl3T1RJNE1ETXpZems9In19 (last visited Oct. 17, 2018).

The claim in Henderson's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a federal court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before considering the merits of Henderson's claim, however, the court must ensure that the petitioner has exhausted all available remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Lewis*, 390 F.3d at 1025-26 (internal citations and quotation marks omitted). Simply put, Henderson must appeal her claim through the Indiana Court of Appeals and then ask the Indiana Supreme Court to take the case. Here, Henderson has not even been convicted. As such she has not yet fully litigated her claim in the trial court, much less presented her claim to the Indiana Supreme Court, as required. Therefore she has not exhausted her State court remedies and the claim in her habeas corpus petition must be dismissed without prejudice. If, after she has ultimately presented all of her claims to

the Indiana Supreme Court, she has not yet obtained relief, then she may return to this court and file a new habeas corpus petition.

When dismissing her petition because the claim is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Here, Henderson has not yet been brought to trial. Therefore, none of the 1-year period of limitation set forth in 28 U.S.C. § 2244(d) has expired. Thus, the dismissal of this petition will not end her chance of federal review after she exhausts her State court remedies.

As a final matter, pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). When the court dismisses the petitioner's claim on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85. First, the petitioner must show that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the

petition states a valid claim for the denial of a constitutional right. *Id.* Each is a threshold inquiry; thus, only one component needs to be addressed if it will resolve the issue. *Id.* at 485.

As explained above, Henderson has not yet exhausted her state court remedies with regard to her claim surrounding the plea negotiations in her criminal case, and so her petition must be dismissed. A dismissal without prejudice for failure to exhaust state court remedies is not an appealable order, unless the petitioner would be time-barred or otherwise precluded from returning to federal court after exhausting her state court remedies. *Dolis*, 454 F.3d at 723; *Moore v. Mote*, 368 F.3d 754 (7th Cir. 2004). That issue is not presented here, and so the dismissal order would not be appealable. Moreover, nothing before the court suggests that jurists of reason could debate the correctness of this procedural ruling or find a reason to encourage Henderson to proceed further without first exhausting her state court remedies.

For these reasons, the petition (ECF 1) is DISMISSED WITHOUT PREJUDICE pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, and the petitioner is DENIED a certificate of appealability.

SO ORDERED on October 19, 2018

　　　　　　　　　　　　　　　　　　　/s/ JON E. DEGUILIO
　　　　　　　　　　　　　　　　　　　JUDGE
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT